# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC E. POWELL,

        Petitioner,    :    Case No. 3:16-cv-109

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,

        Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Stay pending exhaustion in the Ohio courts of his Motion to Vacate a Void Judgment (*State v. Powell*, Case No. 99-CR-631) filed in that court January 31, 2017)(ECF No. 8).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

1

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings.  *Id*.

As noted, Mr. Powell has already filed his Motion in the Montgomery County Common Pleas Court.  The remedy he seeks to invoke is not one usually seen in habeas corpus cases in this Court, such as a direct appeal, a petition for post-conviction relief under Ohio Revised Code § 2953.21, or an application for reopening a direct appeal under Ohio R. App. P. 26(B).  Thus the Court cannot tell whether Mr. Powell has invoked a remedy the Ohio courts will recognize.  Moreover, because Mr. Powell has filed only the cover page of his state court motion, this Court has no way to assess the possible merits of his motion. Finally, since the conviction is more than sixteen years old, this Court has no way of assessing whether there has been undue delay in filing the motion.

Accordingly, the Motion to Stay is DENIED without prejudice to its renewal if accompanied by a full copy of the Motion filed in the Common Pleas Court along with a a memorandum explaining his delay and what theory he relies on for obtaining relief.

February 14, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge
