# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC E. POWELL,

           Petitioner,      :      Case No. 3:16-cv-109

- vs -      District Judge Thomas M. Rose
      Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,

                               :
           Respondent.

## DECISION AND ORDER DENYING RENEWED MOTION TO STAY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's renewed Motion to Stay pending exhaustion in the Ohio courts of his Motion to Vacate a Void Judgment (*State v. Powell*, Case No. 99-CR-631) filed in that court January 31, 2017)(ECF No. 15).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be

> denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

On February 14, 2017, this Court denied Petitioner's first Motion for Stay without prejudice to its renewal if accompanied by a full copy of his Motion to Vacate a Void Judgment filed in the Montgomery County Court of Common Pleas, along with a memorandum explaining his delay and what theory he relies on for obtaining relief (ECF No. 9, PageID 32).

Mr. Powell's instant Motion for Stay is denied for the following reasons.

First of all, the *Rhines v. Weber* procedure was designed to deal with a situation where a habeas petitioner has a mixed petition including both exhausted and unexhausted claims. Because of the statute of limitations adopted by the AEDPA, dismissal without prejudice of the unexhausted claims may result in their being barred by the statute of limitations. In this case, however, Mr. Powell's sole ground for relief is ineffective assistance of counsel and not the claim included in his pending motion in the Common Pleas Court.

Second, Mr. Powell has not shown good cause for his failure to bring this claim earlier in the state courts. The claim he makes of prosecutorial misconduct was known to him at the time

of trial in 1999; he has offered no persuasive excuse for waiting until January 31, 2017,[1] for filing in the Common Pleas Court.

Third, the *Rhines* Court held the district court "would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." In the Common Pleas Court, the State has argued Petitioner's claim is barred by res judicata (State Court Record, ECF No. 12, PageID 575, et seq.) To prove that defense, the State quoted as follows from the Decision of the Common Pleas Court to grant summary judgment on Petitioner's petition for post-conviction relief:

> Shannon was extensively cross-examined regarding three statements in her handwriting that retract her charges against [the Defendant]. She testified that after she was released from the hospital she wrote and signed three statements, Def 's Exhs. C,D. and E. Trial Transcript at 800. She admitted that she signed her mother's signature on Def 's Exh. E. Trial Transcript at 806. Powell was not present when she wrote these statements. She claimed that she didn't read the statements and did not know what she was signing. Id. At 808. She testified that she wrote the first statement, Def 's Exh. C, because she was paid $50 by Katrina Benson, Powell's girlfriend. Trial Transcript at 824. She said that she wrote the second statement, Def's Exh. D, because she was paid $80 by Katrina. She wrote the third statement, Def's Exh. E, because Katrina had promised to take her shopping. She further testified that Davote Kelly, a.k.a. "Boss." Was not present when she wrote the statements. She denied telling "Boss" that "it didn't happen." Trial Transcript at 815. On re-direct examination Shannon testified that Katrina Benson and Davote Kelly, "Boss Man," came to her house. Katrina wanted her to sign some papers, but Shannon did not do so on that occasion. Id. At 964-968. She testified on re-direct that on the next day, Katrina picked her up to shop at Krogers. They then went to Katrina's house where Katrina asked Shannon to copy a paper in her own handwriting. Shannon did so but did not know what the paper, Def's Exh. C, stated. She testified that she could not read. Regarding the second letter, Def's Exh. D, she stated that Katrina came to her house, and Shannon copied and signed this second letter in return for money. She signed her

---

[1] The date of filing is shown by the Clerk's time stamp at PageID 696.

mother's name. Again, she didn't know what was in the letter. Shannon testified that this letter was not notarized in her presence. Trial Transcript at 976-982. Regarding the third letter, D~f"s Exh. E. Shannon testified that Katrina came to her house and told her that they would go shopping if she, Shannon, copied and signed the letter. Shannon did so. This letter was not notarized in her presence. Trial Transcript at 982-985. On re-cross, Powell's attorney elicited testimony from Shannon as to her schooling and employment and her ability to read and write. Id. At 1008-1018. She again denied telling "Boss Man" that Powell did not rape, kidnap or assault her. Id. At 1019.

The defense of procedural default is available to the State to defeat this claim if it were pleaded or to defend against an amendment of the Petition to add this claim. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision, as the Sixth Circuit has repeatedly held. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Because Mr. Powell's claim now pending in the Common Pleas Court would be subject to this defense, it is meritless.

Accordingly, the Motion to Stay (ECF No. 15) is DENIED.

Petitioner's reply to the Return of Writ remains due on June 5, 2017.

May 15, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge