# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC E. POWELL,

        Petitioner,    :    Case No. 3:16-cv-109

- vs -                        District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,

                             :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. The Amended Petition was filed July 17, 2017 (ECF No. 23). Respondent filed an Amended Return September 8, 2017 (ECF No. 31). Despite an extension of time to file a reply, Petitioner has not done so and the extension expired October 24, 2017. The case is therefore ripe for decision.

Powell seeks relief from his conviction and sentence in 1999 in the Montgomery County Common Pleas Court on counts of rape, kidnapping, corruption of a minor, multiple counts of felonious assault, pandering sexually-oriented material involving a minor, and illegal use of a minor in nudity-oriented material.

His original Petition in this case raised one ground for relief:

    **Ground One:** Ineffective Assistance of Counsel.

1

> **Supporting Facts:** Remanded on the 13th of Dec. 2010, Adeleine Hamilton appointed as counsel, we planned for two days for hearing on the 16 of December. Trial court appointed another counsel on the 15th of Dec. and remocve [sic] my original counsel Ms. Hamilton in chambers, without an explanation, and forced me to take counsel of his choice, who did nothing for me and let trial court do whatever – I had valid argument of a void sentence in accords [sic] with st. [sic] v. Baker for failure to set forth the manner of conviction and a non final appealable order, but my new counsel did nothing. Ms. Hamilton was willing to argue it.

(Petition, ECF No. 4, PageID 17.)

Upon the filing of the Petition, the Magistrate Judge determined that this was a second or successive habeas application because Mr. Powell had filed a previous habeas application attacking the same conviction in Case No. 3:02-cv-214 (Transfer Order, ECF No. 2, PageID 10). Having made that determination, the Court was bound to transfer the case to the Sixth Circuit for Mr. Powell to obtain its permission to proceed under 28 U.S.C. § 2244(b). *In re: Kenneth W. Smith*, 690, F.3d 809 (6th Cir. 2012). *Id.*

The Sixth Circuit disagreed with this Court's second-or-successive decision and remanded the case. *In re: Cedric E. Powell*, Case No. 16-3356 (6th Cir. Jan. 6, 2017)(unreported; copy at ECF No. 6). It held:

> Powell's application to file a second or successive habeas petition is unnecessary. As the respondent concedes, Powell does not need authorization to file a successive habeas petition to the extent that his claims arise out of his 2011 resentencing hearing. *Magwood v. Patterson*, 561 U.S. 320, 342 (2010). Moreover, pursuant to our decision in *In re Stansell*, 828 F.3d 412, 413-14 (6th Cir. 2016), Powell's resentencing hearing created a new judgment, freeing him from the requirement to seek authorization to file a second or successive habeas petition to challenge any other aspect of his convictions and sentence. Although the respondent contends that *Stansell* was decided incorrectly, we are not at liberty to disregard it. *See United States v. Washington*, 127 F.3d 510, 517 (6th Cir. 1997).

*Id.* at PageID 22.

Powell was then granted leave to amend to re-plead his original habeas claims and has done so (Amended Petition, ECF No. 23). His Amended Grounds for Relief from the 2002 Application read:

> **2002 Ground One**: Petitioner was denied a fair trial when trial court committed prejudicial error in the consolidated trial by allowing the state to circumvent the prohibition of other acts and photos in a charged offense of rape, Ct. 1-4 should have been severed from Ct. 5-18.
>
> **Supporting Facts:** The petitioner did rely upon a state case employing federal constitutional analysis joinder allowed the circumvention of other acts evidence which was prejudicial citing State v. Schaim 65 Oh.St.3d 51 citing Drew v. U.S. 331 F.2d 85, 93. The petitioner did give the trial court adequate motions arguing severance and its prejudicial effect. The evidence from cts. 1-4 were (sic) different those alleged offenses alleged were done in 1999, and cts. 5-18 were alleged to have happened in 1998. Cts. 1-4 were of an alleged forceful nature, and other cts. 5-18 were merely photos deemed inappropriate. Cts. 5-18 tainted cts. 1-4 and caused the jury to convict. The photos did not depict any evidence of cts. 1-4, but merely inflamed the jury. State v Schaim 65 Oh.St.3d 51 cites Drew v. U.S. 331 F.2d 85, 93 a state case which relied on federal analysis as in Picard v. Conner 404 U.S. 270, 276.
>
> **2002 Ground Two**: Amended; The Petitioner was denied a fair trial when illegally seized and searched evidence was allowed in trial and presented to the jury to obtain a conviction on all counts.
>
> **Supporting Facts:** Illegally seized evidence was not harmless, error where the whole of the state's case was based on these illegally seized videos that had nothing to do with an alleged rape, or kidnapping. The testimony was one continuous dialogue of other acts directed toward the Petitioner's character, as opposed to an actual crime. Considering that there were other females on the video and home video of Apt. one witness, giving their version of events; despite a picture being worth a thousand words, once, the bell is rung it can't be un-rung. This evidence was used in conjunction with perjury by the alleged victim and supported and/or encouraged by the state. The state participated directly with fabricating evidence in order to obtain this conviction.

**2002 Ground Three:** The petitioner was denied due process of law where the appellate court reverse some convictions based on illegally seized evidence but allows other convictions to remain based on exactly the same illegally seized evidence.

**Supporting Facts:** The trial court allowed evidence of the video tape to be presented in a trial for alleged rape, kidnapping, and assault which had nothing to do with any of the aforementioned offenses. The defense filed several motions opposing the introduction of this evidence and why it would be prejudicial citing state case using federal analysis, State v Schaim, 65 Oh. St 3d 51. The video evidence was intricatelly [sic] tied to Ground two (amended) because illegally seized evidence was vacated by the 2nd Dist. Court of Appeals, creating retroactive misjoinder which arises when prejudice results from proper joinder that is later rendered improper by Appellate Court reversal of fewer that an all convictions; which is what was done in this case.

**2002 Ground Four:** The Petitioner was denied the effective assistance of counsel.

**Supporting Facts:** The Petitioner was denied the effective assistance of counsel after his retained counsel was made a witness for the state and the trial court appointed Charles Smiley, as counsel of his choice to represent Petitioner. Smiley told a witness with exculpatory testimony not to come to trial. Counsel's actions prejudiced petitioner and the reliability of the outcome of the trial was suspect. *(note this is the first of two times the trial court has removed counsel and appointed his own)

Counsel did not provide petitioner with reasonable representation or constitutional protection guaranteed by the 6th Amend. His action fell below a reasonable objective standard of representation and violated his duties to the Petitioner. Inadequate legal assistance guaranteed by the Sixth Amendment, constitutes an unconstitutional deprivation of the petitioner's liberty. The ineffective assistance of counsel claim presented substantive grounds for relief.

(ECF No. 23, PageID 743-49.)

# Analysis

**Ground One: Ineffective Assistance of Counsel on Resentencing**

In his First 2016 Ground for Relief, Mr. Powell asserts he received ineffective assistance of trial counsel in his resentencing on December 16, 2010, because the trial court replaced his original appointed attorney with another attorney who was not willing to make the arguments Powell wanted made.

Respondent asserts that this claim is procedurally defaulted because, although it was raised on direct appeal from resentencing, Powell did not timely appeal further to the Ohio Supreme Court (Return of Writ, ECF No. 13, PageID 682). The record reflects that the Second District Court of Appeals rejected Powell's assignment of error on September 5, 2014 (State Court record, ECF No. 12, Ex. 35). Powell did not seek leave to file a delayed appeal in the Ohio Supreme Court until February 2, 2015. *Id.* at Ex. 37. This was well past the forty-five day time limit for filing an appeal to the Ohio Supreme Court.

Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). The Ohio Supreme Court's forty-five day time limit is an adequate and independent state procedural ground for decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). The Ohio Supreme Court enforced that time-limit against Powell when it denied his motion for delayed appeal (State Court record, ECF No. 12, Ex. 38). Powell has offered no excusing cause and prejudice with respect to this procedural default.

Because he procedurally defaulted Ground One in the state courts, it should be dismissed.

**2002 Amended Grounds for Relief**

The Warden notes that Powell's Amended Grounds for Relief are the same grounds he raised in his 2002 habeas petition. The 2002 case was referred to the undersigned who recommended that the first three grounds be dismissed as procedurally defaulted and the fourth ground be dismissed on the merits (Report and Recommendations, reproduced at State Court Record, ECF No. 12, Ex. 19). Mr. Powell made no objections and Judge Rose adopted the Report, dismissing the 2002 Petition with prejudice. *Id.* at Ex. 20. Mr. Powell took no appeal.

Because these four grounds for relief were litigated on the merits in 2002, the Warden asserts their re-litigation is barred by res judicata or collateral estoppel (Supplemental Return, ECF No. 31, PageID 796, citing *Manis v. Warden*, Case No. 1:14-cv-057, 2015 U.S. Dist. LEXIS 63323 (S.D. Ohio May 15, 2015). In *Manis,* however, the Court was concerned with the collateral estoppel effect of a prior holding of mental incompetency by the Social Security Administration in a later criminal proceeding in an Ohio Common Pleas Court.

Here, however, collateral estoppel or res judicata is urged to run from a prior decision of this Court in habeas corpus. But habeas "long has been understood as an exception to both the rule and the rationale of res judicata . . . ." Hertz & Liebman, Federal Habeas Corpus § 28.2(a)(7th ed.).

While neither res judicata nor collateral estoppel completely bars reconsideration of the Court's prior decision of these four grounds for relief, the parallel doctrine of law of the case strongly suggests that the Court should not. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v.*

*Bell*, 988 F.2d 247, 250 (1st Cir. 1993).  "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142 at *6 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

Powell presented these same four claims in his 2002 Petition. They were decided against him on the merits by this Court and he took no appeal. He has made no argument that the prior decisions were wrong on the merits or cited any changed law that would undermine the prior decision.

Accordingly, it is recommended that all four 2002 amended grounds for relief be dismissed with prejudice on the same basis as they were previously dismissed.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be

permitted to proceed *in forma pauperis*.

November 7, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).