**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

CEDRIC E. POWELL-EL,

               Petitioner,      :      Case No. 3:16-cv-109

   - vs -                         District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,

                             :
               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 56) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice ("Report," ECF No. 48). Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 57).

The Amended Petition in this case pleads five grounds for relief, one related to Petitioner's re-sentencing and four related to his original conviction. Petitioner raises objections as to the proposed disposition of each Ground for Relief. It is the duty of the Court to consider de novo each portion of the Report to which objection is made. Fed. R. Civ. P. 72(b)(3).

**Ground One: Ineffective Assistance of Trial Counsel at Resentencing**

In this ground for relief, Powell-El claims he received ineffective assistance of trial counsel

at resentencing because his attorney would not make the arguments he wanted made. The Warden asserted this claim was barred by Powell-El's failure to timely appeal to the Ohio Supreme Court from the Second District's rejection of this claim on direct appeal. Although Powell-El attempted to show excusing cause and prejudice, the Report concluded he had not done so and recommended dismissal of this Ground for Relief (ECF No. 48, PageID 898).

At issue is the chronology of events after the Second District's decision which was filed September 5, 2014 (State Court Record, ECF No. 12, PageID 376, *et seq.*). Under Ohio law, Powell-El had forty-five days to file a notice of appeal to the Ohio Supreme Court. Ohio S. Ct. Prac. R. 7.01(A)(1). This made the notice of appeal in this case due October 20, 2014. Powell-El's Notice of Appeal was stamped "received" the first time in the Ohio Supreme Court on December 15, 2014 (State Court Record, ECF No. 12, PageID 390). The next document in the State Court Record is Powell-El's Motion for Leave to File a Delayed Appeal, which is stamped both "received" and "filed" by the Clerk of the Supreme Court on February 2, 2015. *Id.* at PageID 392. On the same date, the Clerk again stamped the Notice of Appeal as both "received" and "filed." *Id.* at PageID 390. On March 25, 2015, Chief Justice O'Connor signed and the Clerk filed an Ohio Supreme Court form entry denying leave to file a delayed appeal. *Id.* at PageID 405.

In his Motion for Delayed Appeal, Powell-El recounts that his appellate attorney did not send him a copy of the Second District's decision until October 30, 2014, which he received November 3, 2014 (State Court Record, ECF No. 12, PageID 393). In his Objections, he claims that once he "became aware of the appeals courts [sic] decision he immediately perfected a Memorandum in Support of Jurisdiction and Notice of Appeal and Notice of Appeal to the Ohio Supreme Court to be filed in the supreme court clerk's office, December 15, 2014." (ECF No. 56,

2

PageID 922.) He points out that December 15, 2014, is 42 days after he received a copy of the Second District's decision. *Id.*

The difficulty with Powell-El's position is that he was already past the 45-day due date for just filing a notice of appeal; he did not receive the Second District's decision until November 3, 2014, already more than two weeks past the deadline. Because he was no longer entitled to appeal without permission, he should have filed a motion for delayed appeal immediately. Instead, he waited almost two months after the Clerk of the Supreme Court rejected his Notice of Appeal to actually file for a delayed appeal (12/15/2014-01/02/2015). In other words, after he was already too late to file a notice of appeal of right, he waited more than an additional forty-five days to seek a delayed appeal.

The Ohio Supreme Court did not accept his excuse for late filing. Nothing his appellate attorney did interfered with his ability to file in the Supreme Court. He places blame on the institutional librarian at his place of incarceration, but he placed those claims before the Ohio Supreme Court in connection with the delayed appeal motion (Affidavit, ECF No. 12, PageID 400).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

3

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., Beard v. Kindler, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. Dretke v. Haley, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." Coleman, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See McCleskey v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

4

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Without doubt, Ohio has a procedural rule requiring a notice of appeal from an intermediate court of appeals to the Ohio Supreme Court to be filed within forty-five days of the appellate judgment. The Ohio Supreme Court enforced that rule here by denying leave to appeal when the request was not filed until February 5, 2015, 153 days after judgment. The Sixth Circuit has held that the 45-day appeal rule is an adequate and independent state procedural ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form

5

entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla,*370 F.3d at 497, *citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). However, notifying a client of an adverse decision at the court of appeals level is part of the duty of appellate counsel and failure to do so is ineffective assistance of appellate counsel. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006).

Powell-El has good cause to excuse his failure to file up until November 3, 2014 – it was ineffective assistance of appellate counsel for his appellate attorney to fail to send him a copy of the Second District's decision. But it is more than ninety days from the date of Powell-El's receipt of the decision to his properly filing a motion for delayed appeal. He has not shown good cause for that delay.

Even if Powell-El's procedural default were excused, he has not shown entitlement to relief on the merits. He raised his claim of ineffective assistance of trial counsel at resentencing on direct appeal from the resentencing entry and the Second District decided it as follows:

> {¶19} In his second assignment of error, Powell claims that he was denied the effective assistance of counsel. {Powell's appellate counsel raised this issue as his second potential assignment of error.) Powell's alleged instances of ineffectiveness concern his counsel's failure to prepare for the resentencing hearing, to adequately argue for a de novo resentencing hearing, and to adequately raise alleged errors (in addition to postrelease control) in his original sentence.
>
> {¶ 20} We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable

probability that. but for the errors, the result of the trial (or hearing) would have been different. *Id.*

{¶ 21) In this case, none of the alleged instances of ineffective assistance would have reasonably affected the outcome of Powell's resentencing hearing. As stated above, *Fischer*, 128 Ohio St.3d 92, 2010-0hio-6238, 942 N.E.2d 332, was applicable ta Powell's resentencing hearing, and under Fischer, Powell's resentencing hearing was limited to the proper imposition of postrelease control. Because the trial court properly did not conduct a de novo hearing, Powell was not prejudiced by his counsel's alleged failure to properly prepare for such a hearing, to argue in favor of a de novo resentencing hearing, and to raise errors in Powell's sentence, such as the trial court's improper imposition of consecutive sentences, failure to orally pronounce court costs, failure to merge allied offenses of similar import, and failure to calculate jail time credit in the sentencing entry.

{¶ 22} We emphasize that where postrelease control has been improperly imposed at the original sentencing hearing, *res judicata* applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Fischer* at ¶ 34. Accordingly, Powell was barred from raising any defense or issue regarding the lawful portions of his original sentence that was raised or could have been raised in his direct appeal from his convictions.

{¶ 23} Powell's second assignment of error is frivolous.

*State v. Powell*, Case No. 24433 (2nd Dist., Jan. 7, 2014)(unreported; copy at State Court Record, ECF No. 12, PageID 331, et seq.).

Powell-El's ineffective assistance of trial counsel claim is a federal constitutional claim which the Second District decided on the merits, citing the controlling federal precedent, *Strickland*. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100-01(2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002);

7

*Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Powell-El has not shown that the Second District's decision on this claim is contrary to or an objectively unreasonable application of *Strickland*.

**2002 Ground One**

Petitioner previously filed a habeas corpus case in this Court challenging this same conviction, Case No. 3:02-cv-214. He raises here again the same four grounds for relief he pled in the prior case. While the Report disagrees with the Warden's assertion of a *res judicata* defense, it recommends applying the law of the case doctrine under which Petitioner would be obliged to show some good reason why the prior decision should not stand (ECF No. 48, PageID 899-900).

In his first re-pleaded ground for relief, Powell-El claims constitutional entitlement to severance of Counts 1-4 of the Indictment from Counts 15-18. In the first case, the Magistrate Judge recommended dismissal because the claim had not been fairly presented to the state courts as a federal constitutional claim. That recommendation was adopted by the Court and Powell-El took no appeal. The Report in this second case concluded Powell-El only relied on state law in presenting the claim to the Second District and again concluded it was procedurally defaulted (ECF No. 48, PageID 902).

In his Objections, Powell-El asserts that the non-severance rose to the level of plain error under Criminal Rule 52. But Rule 52 governs issues that can be raised on appeal in the state courts. It does not create a separate path to raise a federal constitutional claim in federal court that was not presented as such a claim to the state courts.

Alternatively, Powell-El argues that if the claim was not raised as a federal constitutional

claim, it was ineffective assistance of trial counsel to fail to do so. But before ineffective assistance of trial counsel can be raised as excusing cause for a procedural default, it must first be presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Powell-El has not done so.

**2002 Grounds Two and Three**

In his second and third Grounds for Relief re-pleaded from 2002, Powell-El claims he was convicted on illegally seized evidence. They had been dismissed in 2002 as procedurally defaulted. Upon their refiling here, the Magistrate Judge concluded that Powell-El was really making an "other bad acts" claim, to wit, that the evidence of illegal but consensual sexual activity with the minor in 1998 was being used to bolster evidence on the charges that he raped and assaulted her in 1999 (Report, ECF No. 48, PageID 903-04). The Report notes that Powell-El did not present an other bad acts constitutional claim to the Ohio courts, but that such a claim would have been without merit in any event (ECF No. 48 at PageID 904, *citing Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003)).

In his Objections, Powell-El reverts to his earlier misjoinder argument. This claim requires no further analysis beyond what is in the Report, harking back to the decision on this claim in the earlier case.

**2002 Ground Four**

In his fourth 2002 Ground for Relief, Powell-El claims attorney Charles Smiley provided ineffective assistance of trial counsel when he told a witness with exculpatory evidence not to come to the trial. The 2004 Report recommended dismissing this claim on the merits. The 2018 Report

examined the claim de novo and deferred to Judge Langer's decision in the Common Pleas Court that even if Mr. Smiley's performance had been deficient, there was no prejudice to Powell-El because the evidence against him was overwhelming (ECF No. 48, PageID 911).

Powell-El objects, claiming Mr. Smiley was the "trial court's go to counsel when it [wanted] a defendant incarcerated regardless." (Objections, ECF No. 56, PageID 929.) This is a totally new accusation against Mr. Smiley and Judge Langer which can hardly be raised for the first time in a set of Objections – and with no corroborating evidence.

Petitioner next objects that Judge Langer resolved issues of credibility on summary judgment in post-conviction and he is entitled by virtue of the Due Process Clause to have those issues resolved in an evidentiary hearing. However, neither the Ohio post-conviction statute nor the Fourteenth Amendment requires a trial judge to conduct what would amount to a new trial to reweigh the credibility of witnesses already found credible by a jury against a new piece of evidence. To the contrary, it is perfectly appropriate to do what Judge Langer did here: to determine that even if the unpresented witness had been presented, the testimony already accepted by the jury was overwhelmingly to the contrary. One cannot read the state court reports of the testimony without reaching the same conclusion.

Powell-El then argues at great length how the trial testimony could be impeached (ECF No. 56, PageID 931-45). That of course is largely an argument that should have been made to the jury. The point of Judge Langer's decision is that, while testimony from an additional defense witness, Mr. Kelley, would have added to the impeachment, what would have been left overwhelmingly supported Powell-El's guilt.

Powell-El says he is "making a show of actual innocent," but he has presented no new evidence of the quality required by the actual innocence doctrine to overcome the procedural defaults in this case. (ECF No. 56, PageID 945.) That doctrine provides:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995)." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(parallel citations omitted). In the absence of new evidence to support his claim of actual innocence, Powell-El has not met his burden under, *supra*.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 9, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).