# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CEDRIC E. POWELL-EL,

          Petitioner,    :    Case No. 3:16-cv-109

  - vs -                           District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

MARK HOOKS, Warden,

                            :
         Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 63) to the Magistrate Judge's Supplemental Report and Recommendations (Supp. Report, ECF No. 58). Judge Rose has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 64).

There are five Grounds for Relief at issue in this case, one pleaded when the case was filed and four re-pleaded from Petitioner's 2002 habeas corpus case in this Court, Case No. 3:02-cv-214.[1]

**Ground One: Ineffective Assistance of Counsel at Resentencing**

In his only new ground for Relief, Petitioner claims he received ineffective assistance from

---

[1] Petitioner was able to re-plead these claims from the prior case without circuit court permission because there had been a re-sentencing since the first case was concluded.

1

his trial counsel on resentencing. The Report concluded this claim was procedurally defaulted because Powell-El did not raise it in a timely appeal to the Ohio Supreme Court after it was unsuccessful in the Second District Court of Appeals (Report, ECF No. 48, PageID 897-98).

In his Objections to the Report (ECF No. 58), Petitioner claimed his delay was excused by his appellate attorney's failure to timely furnish him with a copy of the Second District's decision. In the Supplemental Report, the Magistrate Judge recited the chronology of events after the Second District's decision and noted that Powell-El waited more than two months after his notice of appeal was rejected by the Supreme Court of Ohio before applying to file a delayed appeal (Supp. Report, ECF No. 58, PageID 952).

Powell-El objects again that once this Court found it was ineffective assistance of appellate counsel for the appellate attorney not to forward the Second District decision, "then any delay after that would not matter . . ." (Objections, ECF No. 63, PageID 968). But the question in deciding a procedural default defense is not what defaults might be excused by this Court, but whether the relevant state court was, in not excusing the delay, applying an adequate and independent state rule of procedure. As the Sixth Circuit has held, the forty-five day time limit on filing an appeal in the Supreme Court of Ohio is itself an adequate and independent state rule of procedure. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Here Petitioner waited more than an additional forty-five days to seek leave to appeal. That additional delay is not excused by anything external to Petitioner. Therefore this claim should be dismissed with prejudice as procedurally defaulted.

The Supplemental Report contains an alternative analysis of the merits of this claim (ECF No. 58, PageID 955-57). The Magistrate Judge found that the Second District had decided the merits of this claim applying the correct Supreme Court precedent and that their decision was a reasonable application of that precedent and therefore entitled to deference.

Petitioner's Objections present a long argument on the merits. Essentially he claims that because his original 1999 judgment of conviction did not comport with Ohio R. Crim. P. 32(c), he was entitled to a *de novo* sentencing hearing when his case was remanded for imposition of the mandatory term of post-release control. The Second District rejected this claim, holding that under controlling Ohio Supreme Court precedent, a remand for post-release control sentencing is limited to that portion of the sentence; all other portions are *res judicata*. *State v. Powell*, Case No. 24433, ¶ 21-22 (2nd Dist., Jan. 7, 2014)(unreported; copy at State Court Record, ECF No. 12, PageID 331, et seq.), citing *State v. Fischer*, 2010-Ohio-6238, 128 Ohio St. 3d 92 (2010). Because it would have been unavailing to raise other issues, the Second District held trial counsel was not ineffective for failing to raise them on resentencing. *Id.*

Powell-El claims there were other deficiencies in his 1999 sentence beyond omission of a post-release control term, that these deficiencies rendered his judgment of conviction void, and that therefore he was entitled to a *de novo* hearing. He had an attorney, Adeline Hamilton, who he says was prepared to argue this point, but that attorney was removed by Judge Langer and a different attorney, Jeffrey Rezabek, appointed who would not make the arguments. On appeal, the Second District held that because there was no merit to these arguments, it was not ineffective assistance of trial counsel to fail to make them. *Id.*

Petitioner claims there was merit to these arguments, relying on what he calls "*the law of the case doctrine which consisted of twenty years of precedent*." (Objections, ECF No. 63, PageID 971.) He makes several arguments explicating this point. *Id.* at PageID 972. His arguments are mistaken.

First of all, he misunderstands the law of the case doctrine. Under that doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same

3

litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in **the same case**." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).

The law of the case doctrine is different from *stare decisis* or the law of precedent which requires that decisions in other cases and particularly decisions from higher courts should control like cases in the lower courts unless or until the higher courts overrule the precedent. There was no applicable law of the case in this case at the time of resentencing except for the finding of the Second District that Powell-El had to be resentenced to include the post-release control term.

Powell-El's second argument is that his original judgment had become dormant as provided in Ohio Revised Code § 2329.07 and 2325.18. The judgments referred to in these statutes are civil judgments on which no writ of execution has issued for ten years. The Montgomery County Court of Common Pleas executed on the 1999 judgment by causing the Sheriff to transfer Powell-El to the custody of the Ohio Department of Rehabilitation and Corrections.

Third, Powell-El argues his judgment of conviction, because of deficiencies of form, was not a final appealable order and therefore the Second District had no jurisdiction to hear his appeal. (Objections, ECF No. 63, PageID 673, citing *State v. Wilson*, 73 Ohio St. 3d 40 (1995).) In *Wilson* the First District Court of Appeals held that because the theft involved had been committed when Wilson was a minor, the juvenile court had exclusive jurisdiction unless the waiver provisions of Ohio Revised Code § 2151.26 were complied with. Because they were not, the Common Pleas Court tried and convicted Wilson without jurisdiction. Wilson did **not** hold that because the

Common Pleas Court lacked jurisdiction, its judgment in an attempted exercise of jurisdiction was not a final appealable order. Similarly, the Second District Court of Appeals in this case did not lack jurisdiction to correct an omission of post-release control from Powell-El's sentence. What other court would have jurisdiction to correct an improper trial court sentence?

Powell-El also argues that it was unconstitutional to apply to him the holding in *Fischer, supra*, that only the omitted post-release control portion of the judgment is void and all the other parts are *res judicata.* This is so, he says, because under the Ohio Supreme Court case law in place when he was convicted, he was entitled to a *de novo* sentencing hearing on remand. The Second District had held that F*ischer* was the applicable law and applied it retroactively to Powell-El's case. This, he says, violates the Ex Post Facto Clause of the United States Constitution, relying on *Bouie v. City of Columbia*, 378 U.S. 347 (1964). In that case, the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry. In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass statute which it applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. That is the most radically unfair sort of retrospective state action: criminalizing primary conduct when it is too late for the subject to conform his conduct to the prohibition.

However, in *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court distinguished *Bouie* and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Rogers* the Tennessee Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the

5

death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault. The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights. In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

In *Bouie* the South Carolina Supreme Court had retroactively made criminal conduct which had been completely innocent when it happened. Nothing like that occurred here. All of the offensive conduct of which Powell-El was convicted was clearly defined as criminal when he did

it. What *Fischer* made retroactive was the method of correcting a criminal judgment which erroneously omitted a term (post-release control) which the General Assembly had mandated. In other words, it regulated the conduct of Common Pleas courts, not the primary conduct of citizens on the street.

In sum, Powell-El's new ground for relief, ineffective assistance of trial counsel pleaded in the original Petition, is procedurally defaulted and without merit. It should therefore be dismissed with prejudice.

**The Re-pleaded 2002 Grounds for Relief**

Because he had been re-sentenced, Powell-El had the opportunity to raise again the four Grounds for Relief he pleaded in his prior habeas case, Case No. 3:02-cv-214. The current Objections raise no new objections relating to Grounds One, Two, and Three of the 2002 Petition.

In Re-pleaded Ground Four, Powell-El claims he received ineffective assistance of trial counsel when his trial attorney, Charles Smiley, allegedly told a defense witness not to appear at trial. This claim was raised in post-conviction in the trial court and rejected by Judge Langer who held that, assuming the witness not called had been credible, the failure to call him was not prejudicial because the other evidence against Powell-El was overwhelming.

Powell-El argues at length that this claim should not have been resolved on summary judgment in post-conviction, relying largely on *State v. Swortcheck*, 101 Ohio App. 3d 770 (8th Dist. May 1, 1995). In that case, the Cuyahoga County Court of Appeals held that credibility issues should not be resolved on summary judgment in post-conviction. As the Supp. Report notes, that is not what Judge Langer did here. Instead, he found that the new evidence, even if it had

7

been heard by a jury which found the prior evidence convincing, would not likely have changed the result because the evidence at trial (which the jury had already accepted) was overwhelming. Thus even assuming that *Swortcheck* would be followed by the Second District, it does not compel a different result. And in any event, there is no clearly established United States Supreme Court precedent holding that a person is entitled to an evidentiary hearing in a state post-conviction proceeding.

**Conclusion**

Having reconsidered Petitioner's case in light of the most recent Objections, the Magistrate Judge adheres to his prior recommendation: the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 6, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.

If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).